IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GENE R. CHANCE | § | |
| | § | |
| VS | § | C.A. No. _____ |
| | § | |
| E. I. DU PONT DE NEMOURS AND CO. | § | COLLECTIVE ACTION |
| | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GENE R. CHANCE, and files this Original Collective Action Complaint complaining of E. I. DU PONT DE NEMOURS AND CO., ("DUPONT") Defendant, and for cause of action would respectfully show this Court as follows:

## I.
## JURISDICTION AND VENUE

1. The case arises under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq* (hereinafter "FLSA").

2. This Court has jurisdiction of this case pursuant under Section 16(b) of the FLSA (29 U.S.C. §216(b)), by the provisions of 28 U.S.C. Sections 1331, 1337 and 1367.

3. Plaintiff brings this complaint in the Eastern District of Texas in which he resides and where a substantial amount of the Defendant's conduct, events or omissions occurred giving rise to these causes of action. Accordingly, the court has personal jurisdiction over the parties and venue is proper in this district pursuant to 28 U.S.C. Section 1391 (b).

1

# II.
# PARTIES AND SERVICE

4. The Plaintiff appears in this action on behalf of him and all those that are similarly situated, which is believed to be all hourly employees of Defendant.

5. Defendant, E. I. DU PONT DE NEMOURS AND CO. is a Foreign For-Profit Corporation doing business in the State of Texas and may be served with process by serving its registered agent: CT Corp System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

6. Plaintiff, GENE R. CHANCE ("Chance") has been employed by Defendant for decades at Defendant's location in Orange County, Texas. Plaintiff Chance's position and the general day to day activities of his job remained consistent throughout his recent employment. During his employment with the Defendant, Plaintiff was covered under the FLSA. Plaintiff Chance's consent to sue is attached hereto as Exhibit "A."

7. The Plaintiff believes that the Defendant employed additional similarly situated employees all over the United States of America within the three years preceding the filing of this action through the present. That is, the practices of not paying the Plaintiff and his Similarly Situated co-workers correctly, has spanned the three preceding the filing of this action through the present with Defendant continuing the wrongful pay practices in violation of the FLSA. 10. The Plaintiff brings this action individually and as part of a collective action under the FLSA 29 U.S.C. §216(b) on behalf of other employees of Defendant during the three period prior to filing this lawsuit through the present, who were/are non-exempt employees, and who were not properly paid time and

2

a half for all hours worked in excess of forty (40) hours in a week in violation of the FLSA.

8. The class members (hereinafter "Class Members") are all current and former hourly employees of Defendant who have worked during the three years prior to filing this action through the present. The Class Members were and in many cases continue to be paid in violation of the overtime calculation rules of the FLSA. These employees are similarly situated as Plaintiff Chance and engaged in commerce or in the production of goods for commerce during the employment duties for the Defendant. This collective action is for all the overtime hours that were and continue to be worked for the Defendant without properly calculated overtime compensation on the behalf the named Plaintiff himsel, along with other similarly situated employees in addition to all other liquidated damages, interest, reasonable attorney's fees and costs.

## III.
## FACTUAL BACKGROUND

9. There is no exemption that excuses the Defendant from paying the overtime hours and proper overtime compensation to the Plaintiff and other employees similarly situated.

## IV.
## COLLECTIVE ACTION ALLEGATIONS UNDER
## THE FAIR LABOT STANDARDS ACT

10. In support of these Collective Class Action allegations under the FLSA, Plaintiff incorporates all allegations of fact and claims set forth above and below and the exhibit attached hereto. This action is allowed to be a collective action as to claims for

all the overtime hours and proper overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under FLSA. In addition to the Named Plaintiff, many current and former employees of the Defendant are similarly situated with regards to the wage violations as described above, in that they have been refused proper overtime compensation for at least three years prior to the filing of this lawsuit which would constitute the Class Members.

11. The Named Plaintiff's experiences are representative of those of the current and former employees which constitute the Class Members, and they will fairly and adequately represent and protect the interest of the proposed class. Named Plaintiff has no interest opposite to those of the other members of the proposed class and Plaintiff's attorneys are able and willing to conduct this litigation.

12. For purposes of claims brought under the FLSA, the Class Members of similarly situated Plaintiffs would be properly defined as:

> All current and former employees of the Defendant who,
>
> (1) Were paid improperly for overtime hours worked as a result of inaccurate calculation of pay.

Plaintiff reserves the right to modify or update this definition as evidence and information
are discovered.

13. The class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the office of or on behalf of any judge sitting in the Eastern District of Texas, and any person who become so employed or

4

so work prior to the entry of a Final Judgment in this action.

14. A collective action is the best method for the fair and efficient adjudication of the claims asserted herein, and Named Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this collective action.

15. This action is allowed to be a collective action as to the claims for all the overtime hours and overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under FLSA. In addition to the Named Plaintiff, many current and former employees of the Defendant are similarly situated with regards to the wage violations as described above, in that they have been refused proper overtime compensation for at least three years prior to the filing of this lawsuit which would constitute the Class Members.

## V.
## TOLLING

16. To the extent necessary, Plaintiff pleads that tolling applies to toll limitations back to the filing of this action and/or agreements of the parties.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For an order certifying this matter as a collective action under the Federal Rules of Civil Procedure, and appointing Named Plaintiff and his attorneys to represent the class;

b. For an order directing that all collective action members be notified of the pendency of this action and given an opportunity to consent to participation, at the cost of Defendant;

c. For damages for the full amount of the unpaid overtime wages, as well as an additional equal amount as liquidated damages resulting

from the Defendant's willful violation of the FLSA;

d. For damages under the FLSA, Plaintiff prays the Court impose the three (3) limitations period for Defendant willful violations of the FLSA;

e. For any additional damages, actual, special and incidental, that are recoverable under law as the evidence may show proper;

f. For all costs and expenses of these proceedings including expert fees as the Court deems appropriate;

g. For pre-judgment and post-judgment interest at the highest rates allowable by law; and

h. For other relief, in law or in equity, as to which Plaintiff and Class Members are allowed by law.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
P. O. Box 26005
Beaumont, Texas 77720-6005
(409) 838-1000 (phone)
(409) 833-8236 (fax)

**/s/ John Werner**
John Werner
State Bar No. 00789720

Attorney(s) for Plaintiff