**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **GENE R. CHANCE** | § | |
| | § | |
| **VS** | § | **C. A. No. 1:16-CV-00376-MAC** |
| | § | |
| **E. I. DU PONT DE NEMOURS AND CO.** | § | |

**PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MARCIA CRONE:

COMES NOW PLAINTIFF, Gene R. Chance, Individually and on Behalf of Similarly Situated Employees and file this Motion for Equitable Tolling of the statute of limitations for their collective action claims filed pursuant to the Fair Labor Standards Act ("FLSA"), and shows the following in support:

## I.
## BACKGROUND

The following procedural background is not disputed:

September 2, 2012 – Plaintiff filed the Original Complaint. [Doc. #1]

September 29, 2016 – Defendant filed its Motion to Dismiss [Doc. #4] Defendant agreed it had actual notice of the suit but merely objected to the manner in which it was served.

October 5, 2016 – Court entered Order denying Defendant's Motion to Dismiss and authorizing Plaintiff to reissue Summons. [Doc. #6] Plaintiff obtained a new Summons and filed an Amended Complaint that same day – October 5, 2016. [Doc. #7, 9]

November 1, 2016 – Plaintiff filed an Opposed Motion for Conditional Class Certification. [Doc. #13]

November 1, 2016 – Defendant again filed a Motion to Dismiss. [Doc. #14] December 21, 2016 – the Court conducted Rule 26 Status Conference and a schedule order was entered. [Doc. # 22, 23].

January 4, 2017 Plaintiff filed the Second Amended Complaint. [Doc. #24]

January 18, 2017 – Defendant filed its Original Answer. [Doc. #26]

March 16, 2017 – Court entered Order granting Unopposed Motion for Additional Time to File Amended Motion for Conditional Class Certification. [Doc. #28]

May 3, 2017 – Court entered Order Granting Plaintiff's Unopposed Motion to Extend the Deadline to File Amended Motion for Conditional Class Certification. [Doc. #30], which Motion was based in large part on the undersigned's preparation for a state court trial – Signature v. International Paper – which was tried in May over the course of 3 weeks.

May 8, 2017 – Plaintiff's Third Amended Complaint and Amended Motion for Conditional Class Certification. [Doc. #31, 32]

May 18, 2017 – Defendant filed its Unopposed Motion to Extend the Deadline to Respond to Plaintiff's Amended Motion for Conditional Class Certification. [Doc. #33], which the Court granted on May 22, 2017. [Doc. 35]

June 7, 2017 – Defendant filed its Response in Opposition to the Amended Motion for Conditional Class Certification. [Doc. #37]

June 12, 2017 – Plaintiff filed the Unopposed Motion for additional time to Reply to Defendant's Response. [Doc. #39]

June 27, 2017 – Plaintiff filed his Reply to Defendant's Response to Amended Motion for Conditional Class Certification. [Doc. #42].

The parties are currently discussing an extension for Defendant to file a Sur-reply and Plaintiff to submit additional briefing regarding equitable tolling.

In addition to the above briefing, as well as a Management Conference, the parties have also taken the depositions of witnesses Edith Davis, Emily Siegel, and Angela Callier in order to determine the parameters of the Motion for Conditional Class Certification. The parties have also propounded written discovery in this case.

The record shows Plaintiffs diligent prosecution of claims for straightforward, fairly undisputed violations of the FLSA, which, as indicated by the below authorities, justifies equitable tolling.

## II.
## AUTHORITY AND ARGUMENT

In Rule 23 actions, the filing of the complaint tolls the statute of limitations for all of the class members. ***Crown, Cork & Seal Co. v. Parker,*** 462 U.S. 345, 360 (1983). However, under the FLSA, "no person can become a party plaintiff and no person will be bound by or may benefit from the judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." ***La Chapelle v. Owens-Illinois, Inc.,*** 513 F.2d 286, 287 (5th Cir. 1975); 29 U.S.C. § 216(b). In the absence of equitable tolling, the statute of limitations is tolled as of the date the consent is filed, not the date of the complaint. 29 U.S.C. §§ 255, 256. However, in this case there has delays arising from the parties discovery concerning facts and information surrounding class certification – including the depositions of Edith Davis, Emily Siegel, and Angela Callier, written discovery and document production. The delays, if not remedied by equitable tolling, would bar claims for a significant portion of the time period circumscribed by this Court, even though the class members acted diligently when they learned of their rights.

The equitable tolling doctrine is read into every federal statute, including the FLSA. ***U.S. v. $57,960.00 in U.S. Currency,*** 58 F. Supp. 2d 660, 664 (D.S.C. 1999) ***(citing Holmberg v. Armbrecht,*** 327 U.S. 392, 397 (1946)). "The Fifth Circuit has recognized that the invocation of equitable powers to suspend the running of statutes of limitations is proper in extraordinary circumstances in which aggrieved persons are unable to assert their rights." ***Antonio-Morales v. Bimbo's Best Produce, Inc.,*** No. Civ.A.8:5105, 2009 WL 1591172, *2 (E.D. La. 2009) (citing ***Felder v. Johnson,*** 204 F.3d 168, 174 (5th Cir.2000); ***Coleman v. Johnson,*** 184

F.3d 398, 402 (5th Cir.1999)); ***accord In re Wilson,*** 442 F.3d 872, 875 (5th Cir. 2006). Federal courts also recognize that "the unique circumstances of a collective action . . . justif[y] tolling the limitations period." ***Stransky v. HealthONE of Denver, Inc.,*** 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012) (quoting ***In re Bank of America Wage and Hour Emp't Litig.,*** No. 10-MDL-2138, 2010 WL 4180530 (D. Kan. Oct. 20, 2010).

By delaying notice to the Class, "***defendants can bleed value out of a large pool of outstanding FLSA claims in a way that they cannot with a comparable group of Rule 23 claims.*** " ***Nash v. CVS Caremark Corp.,*** 2010 WL 446178, *5 (D.R.I. Feb. 9, 2010) (emphasis added). The Supreme Court has held that the benefits of an opt-in collective action depend upon potential class members "receiving accurate and ***timely*** notice" so that they can "make informed decisions." ***Hoffmann-La Roche v. Sperling,*** 493 U.S. 165, 170 (1989) (emphasis added). Thus, it is not surprising that ***"courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture*** . . . ." ***Antonio-Morales*** 2009 WL 1591172 at *1 (E.D. La. 2009) (emphasis added) (citing ***Partlow v. Jewish Orphans Home of S. Cal., Inc.,*** 645 F.2d 757, 760-61 (9th Cir.1981); ***Roussell v. Brinker Int'l, No. H-05-3733*** (S.D.Tex. Nov. 4, 2008); ***Johnson v. Big Lots Stores, Inc.,*** No. 04-3201 (E.D. La. July 24, 2008); ***Faison v. Texas EZPawn, L.P.,*** 2007 WL 1481047, at *1 (S.D. Tex. May 21, 2007); ***Smith v. Heartland Automotive Servs., Inc.,*** 404 F.Supp.2d 1144, 1155 n.9 (D. Minn. 2005); ***Owens v. Bethlehem Mines Corp.,*** 630 F. Supp. 309, 312-13 (S.D.

W.Va.1986); ***see also, e.g., Sperling v. Hoffmann-La Roche, Inc.,*** 118 F.R.D. 392, 410-11 (D.N.J. 1988), ***aff'd in part, appeal dismissed in part,*** 862 F.2d 439 (3d Cir. 1988), ***aff'd,*** 493 U.S. 165 (1989); ***Madrigal*** v. ***Green Giant Co.,*** No. C-78-157, 1981 WL 2331, at *6 (E.D. Wash. July 27, 1981); ***Myers v. Copper Cellar Corp.,*** 1996 WL 766505 (E.D. Tenn. Sept. 27, 1996); ***Lee v. ABC Carpet & Home,*** 236 F.R.D. 193, 200 (S.D.N.Y. 2006); ***Castle v. Wells Fargo Financial, Inc.,*** 2007 WL 1105118, *1 (N.D. Cal. 2007); ***Beauperthuy v. 24 Hour Fitness USA, Inc.,*** 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007).

**A. Equitable tolling is Appropriate Based on the Language of the Notice**

One of the most common reasons courts equitably toll the limitations period in FLSA collective actions is to prevent a defendant from ***"****escaping liability" because of his or her own misdeeds."* ***Ruffino v. State Street Bank and Trust Co.,*** 908 F. Supp. 1019, 1040 (D. Mass. 1995) ***(quoting Kale v. Combined Ins. Co. of America,*** 861 F.2d 746, 752 (1st Cir. 1988) (emphasis added). Affirmative misconduct also includes when a defendant "lulls the plaintiff into inaction." ***Baldwin County Welcome Center v. Brown,*** 466 U.S. 147, 151 (1984); ***see also Henchy v. City of Absecon,*** 148 F.Supp.2d 435, 439 (D.N.J. 2001) (tolling where employer "assured [employee] that the overtime compensation provided for [by contract] was proper" noting that "employer's actions need not be 'egregious acts of deception' in order to toll the limitations period"); ***Blake v. CMB Construction,*** 1993 WL 840278, *6 (D.N.H. Mar. 30, 1993)("employer's failure to notify its employees of their rights . . . misstatement of employees' entitlement to overtime pay . . . failing to correct the obvious confusion . . . and engaging in a general course

of conduct likely to confuse . . . employees with regard to their overtime compensation rights, all militate in favor of [equitable tolling]"); ***Hodgson v. Holden Hospital, Inc.,*** No. 2693, 1970 WL 748 at *2-3 (S.D.W.Va. 1970) (tolling appropriate where employer represented to employee that he had been lawfully paid).

Here, even though DuPont advised employees of changes to its payroll system and the fact that unpaid overtime was due, DuPont never advised employees that they had additional potential remedies under the FLSA. Indeed, as the Court can see from documents previously filed of record in this litigation (see attached as Exhibit "A") DuPont gave no indication to its employees that they were not being made whole. DuPont failed to mention the possibility of a suit under the Fair Labor Standards Act or make any reference to the remedies contained therein (most notably, liquidated damages), but instead characterized the entire incident as a mere clerical error. As such, employees would quite reasonably have believed either that there was no legal violation as a result of DuPont's past pay practices or, equally as reasonably, that DuPont's payments made them whole and thus mooted any prospect of additional recovery.

Moreover, the employer's conduct creating the inequitable situation warranting tolling need not be the result of bad faith or intentional deception. ***Yahraes v. Rest. Associates Events Corp.,*** 10-CV-935 SLT, 2011 WL 844963, *3 (E.D.N.Y. Mar. 8, 2011) (applying equitable tolling although the court "attribute[d] no trickery or wrongdoing on the part of defendants"); ***Ke v. Saigon Grill,*** 595 F.Supp.2d 240, 259 (S.D.N.Y. Oct. 21, 2008) (equitable tolling is available even

where employer is not "guilty of fraudulent concealment"); ***Kamens v. Summit Stainless, Inc.***, 586 F.Supp. 324, 328 (E.D.Penn. 1984) ("A misrepresentation, if proven, equitably tolls the statute of limitations even if it was not made negligently or fraudulently.").

For example, in ***Baden-Winterwood v. Life Times Fitness,*** the defendant employer held an informational meeting with putative class members where it "made all of the then current employees aware of their rights under the FLSA and informed them that at least one individual believed that Defendant had violated her rights under the FLSA," and informed them "that in the not-too-distant future, you'll be receiving a notice informing you of the lawsuit and your eligibility to participate in it." 484 F. Supp. 2d 822, 827 (S.D. Ohio 2007). Nevertheless, the court reasoned:

> There is no evidence in the record that suggests to this Court that Defendant tricked Plaintiffs or concealed from Plaintiffs their rights under the FLSA. This Court does find, however, that Defendant's statements inadvertently lulled Plaintiffs into a justified sense of complacency and security. In other words, Defendant induced Plaintiffs into reasonably believing that they could and should wait until they received notice of their eligibility before they inquired about and potentially pursued their legal FSLA rights. Thus, as a result of Defendant's instructions, it was entirely reasonable for Plaintiffs to remain ignorant of the fact that the viability of their claims hinged upon filing their consent forms.

*Id.*

Here, though DuPont does not appear to have made any affirmatively false representations, DuPont has similarly not done anything which would have given potential class members an indication or incentive to seek to vindicate their rights.

**B. Delay due to the pace of litigation and requirement of time to rule, even absent misconduct by Defendants, is sufficient for equitable tolling.**

"While it is true that wrongdoing by the opposing party is the most common justification for equitable tolling, it is not the only justification." ***Shidler v. Alarm Sec. Group, LLC,*** 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012) (citing ***Quintanilla,*** 2006 WL 1663739). "Although the Fifth Circuit has held that the doctrine of equitable tolling should generally be applied sparingly, it has nonetheless consistently allowed the doctrine's application where a plaintiff has acted diligently and the delay concerns extraordinary circumstances." ***Shidler,*** 919 F. Supp. 2d at 829-30 (citing ***Caldwell v. Dretke,*** 429 F.3d 521, 530 n. 23 (5th Cir.2005); ***Teemac v. Henderson,*** 298 F.3d 452, 457 (5th Cir.2002); ***Davis v. Johnson,*** 158 F.3d 806, 811 (5th Cir.1998)). The delay caused by the time required for a court to rule on a motion, including a motion for certification of a collective action, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." ***McGlone v. Contract Callers, Inc.,*** 867 F.Supp.2d 438, 445 (S.D.N.Y. Apr. 6, 2012) (quoting ***Yahraes,*** 2011 WL 844963 at *2). ***"Those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings." McGlone,*** 867 F.Supp.2d at 445.

"The propriety of equitable tolling must necessarily be determined on a case-by-case basis." ***Truitt v. Cnty. of Wayne,*** 148 F.3d 644, 648 (6th Cir. 1998). "The decision to invoke equitable tolling in a particular case, therefore, lies solely within the discretion of the trial court." ***Baden-Winterwood,*** 484 F. Supp. 2d at 826

(citing ***id.)***. Some courts, in their discretion, have declined to apply equitable tolling during the time a motion for notice is under consideration, absent an exceptionally heavy docket or other exceptional circumstances. ***E.g., Quintanilla,*** 2006 WL 1663739 at *3.

However, ***many more district courts across the country, including in the Fifth Circuit, have cited delay in ruling on a motion for notice***, whether caused directly by the court or indirectly by other matters, as grounds for equitable tolling. ***E.g., Shidler,*** 919 F. Supp. 2d 827; ***Antonio- Morales,*** 2009 WL 1591172 at *2 ("potential opt-ins [stood] to forfeit their claims through no fault of their own during the pendency of [a court-imposed] stay"); ***Castle,*** 2007 WL 1105118; ***Sperling,*** 118 F.R.D. at 410-11; ***Owens,*** 630 F. Supp. at 312-13; ***Beauperthuy,*** 2007 WL 707475 at *8; ***Lee,*** 236 F.R.D. at 200; ***Stickle v. Sciwestern Mkt. Support Ctr.,*** 2008 WL 4446539, at *22 (D.Ariz. Sept. 30, 2008); ***Baden-Winterwood,*** 484 F. Supp. 2d at 828 ("This dispute caused this Court to become involved in drafting the notice provision. Thus, the time that Plaintiffs lost pursuing their rights was not a result of a lack of diligence on their part.") (internal citations omitted).

**C. Plaintiffs' diligence is an important factor.**

"In contrast to examining the Defendant's conduct, the emphasis in considering equitable tolling is on the Plaintiff." ***Owens,*** 630 F. Supp. at 312 (emphasis added); see also ***Adams,*** 242 F.R.D. at 542-43. Although diligence and excusable ignorance alone are insufficient, "[a]n applicant's diligence in pursuing relief is an important factor in assessing his entitlement to equitable tolling." ***In re***

***Wilson,*** 442 F.3d at 877 (citing ***Coleman,*** 184 F.3d at 402. Courts also recognize that tolling is appropriate where plaintiffs were excusably ignorant of their claims, but acted once they had notice. ***Owens,*** 630 F. Supp. at 312; ***Beauperthuy,*** 2007 WL 707475 at *8.

Some courts have considered the named plaintiffs' diligence in seeking certification of a class. ***E.g., Yahraes,*** 2011 WL 844963, *2-3 (finding plaintiffs were diligent filing motion for court-supervised notice about a month after filing complaint); ***Abadeer v. Tyson Foods, Inc.,*** 3:090125, 2010 WL 5158873 (finding plaintiffs were diligent filing motion for court-supervised notice three months after bringing suit). However, "[i]n the context of an opt-in collective action, diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit." ***Baden-Winterwood,*** 484 F. Supp. at 828 (citing ***Owens,*** 630 F.Supp. at 312-13).

In this case, after the named Plaintiff filed his Complaint on September 2, 2016, the Plaintiff promptly filed his motion for notice on November 1, 2016. Delay thereafter has been attributable largely to specific nature of this dispute and the fact that DuPont has a complex, not-easily-understandable pay system, as well as different plants across different parts of the country.

Further, only Plaintiffs who opt in promptly after receiving notice will benefit from equitable tolling because Plaintiffs only seek tolling through the deadline set by this Court for class members to opt in as Plaintiffs.

### D. No Prejudice to Defendants

"The theory [of statutes of limitations] is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." ***Am. Pipe & Const. Co. v. Utah,*** 414 U.S. 538, 554 (1974) (quoting ***Order of Railroad Telegraphers v Railway Express Agency,*** 321 U.S. 342, 348 (1944). Courts recognize that there is no unfairness or prejudice to apply equitable tolling when a "Defendant had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing" and thus "was fully aware of its scope of potential liability." ***Baden-Winterwood,*** 484 F. Supp. 2d at 829; ***accord Yahraes,*** 2011 WL 844963 at *3 ("defendants will not be prejudiced by any tolling because they have been on notice since the complaint was served . . . that they were potentially liable . . . .").

## III. CONCLUSION

If the Court grants the Motion for Class Certification, all Plaintiffs who seek to participate should be allowed to without having had months or possibly over a year of damages "roll off the back end" of their claim. The time period necessary to obtain a ruling was not due to any fault on the part of Mr. Chance or his counsel but instead reflected the time necessary to conduct initial discovery, have the Motion filed and heard, and to otherwise accommodate the schedules of the parties, the Court, and the Federal Rules of Civil Procedure and Local Rules of the Eastern District of Texas, as well as dealing with a technical objection to the manner in which service was effected.

For the foregoing reasons, Plaintiff respectfully requests that the Court equitably toll the limitations period from September 2, 2016 through the last date set by this Court for class members to file consent forms to opt in as Plaintiffs.

Respectfully Submitted,

REAUD, MORGAN & QUINN, LLP
801 Laurel Street
P.O. Box 26005
Beaumont, Texas 77720-6005
(409) 838-1000
(409) 833-8236 (fax)

By /s/ John Werner
John Werner
State Bar No. 00789720
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Eastern District's CM/ECF system this 30th day of June, 2017.

/s/ John Werner
John Werner