| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| GENE CHANCE, et al. | § § | |
| Plaintiffs, | § § | |
| v. | § § | LEAD CASE: 1:16-CV-376 |
| E. I. DU PONT DE NEMOURS AND CO. | § § § | (MEMBER CASE: 1:17-CV-333) |
| Defendant. | § § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. The court has received and considered the report (Doc. No. 70) of the magistrate judge, which recommends that the court conditionally certify an FLSA class, requires Defendant E. I. du Pont de Nemours and Co. ("DuPont") to provide the Plaintiffs with contact information of current and former employees, requires class counsel to mail notice and consent forms, and requires DuPont to post notice of the collective action in its Legacy facilities. Both DuPont and Plaintiff Gene Chance ("Chance") have filed timely objections (Doc. Nos. 72, 74) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district

court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Chance objects only to the magistrate judge's conclusion that equitable tolling is not appropriate in this case. Doc. No. 74. DuPont objects on two grounds: First, the report failed to address DuPont's argument that conditional certification is inappropriate because establishing liability and damages for each individual class member "would require a highly individualized analysis." Doc. No. 72, at 2. Second, DuPont objects that the report failed to address who will serve as lead counsel for the conditionally certified class. *Id.* at 7-8.

### A. Chance's Objection Regarding Equitable Tolling

Chance alleges that DuPont "was aware of it's [sic] obligations to pay overtime wages at the regular rate of pay, and further aware of employees' rights to also recover liquidated damages" at the time DuPont notified employees of their retroactive overtime pay adjustments. Doc. No. 74, at 1. Chance points out certain language in the letter accompanying the retroactive overtime payments to DuPont employees: "This payment represents the additional amount of pay due to you as a result of a recalculation of your Overtime." Doc. No. 46-1, at 1. Chance does not make his argument explicit, but it appears Chance is implicitly contending that the language in DuPont's letter accompanying the retroactive overtime payments satisfies the legal standard articulated in Section F of the magistrate judge's report to merit equitable tolling. *See* Doc. No. 70, at 20-21. Though Chance's objection is likely too conclusive or general to require this court to address it (*see Nettles*, 677 F.2d at 410 n.8), the undersigned will consider the objection out of an abundance of caution.

Section F of the magistrate judge's report explained the legal standard for equitable tolling, including the requirement that "extraordinary circumstances . . . prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (citation omitted). Construed liberally, Chance argues that the language in the letter accompanying DuPont's retroactive overtime payments qualifies as an extraordinary circumstance that prevented timely filing by putative class members. Chance's objection does not cite any cases in support. The plain language of the letter accompanying the retroactive overtime payment can be read simply to mean *the additional amount DuPont believes it owed employees as a result of a particular, good-faith recalculation of prior overtime wages*. Chance has not presented any evidence that DuPont intentionally lied to its employees, knowingly used misleading verbiage to lull employees into inaction, or attempted to confuse employees. Accordingly, Chance has not shown that any extraordinary circumstance exists to merit equitable tolling at this time, and Chance's objection is overruled.

### B. DuPont's Objection Regarding Individualized Damages

DuPont objects to the magistrate judge's report by claiming that the report did not "address at all the question of whether *liability* was too individualized to warrant conditional certification." Doc. No. 72, at 2. DuPont mischaracterizes the report because the report did address DuPont's arguments in Sections B(2) and C of the report and the inapposite authority relied upon by DuPont. *See* Doc. No. 70, at 13-17. Accordingly, the report of the magistrate judge is adopted and DuPont's objections are overruled.

### C. DuPont's Objection Regarding Appointment of Lead Counsel

DuPont argues that the magistrate judge "failed to address a key question: who will serve as lead counsel for the conditionally certified collective?" Doc. No. 72, at 7-8. The parties have now reached an agreement as to who will serve as class counsel. Doc. No. 73. DuPont's objection is now moot.

### D. Instructions Concerning the Proposed Notice

On December 26, 2017, Chance filed an "*Unopposed* Class Notice and Consent Form." Doc. No. 75, at 1 (emphasis added). The filing noted disagreement between Chance and DuPont "on who the Notice should be sent to." *Id.* The following day, DuPont filed an opposition to Chance's filing indicating it was not truly "unopposed." Doc. No. 76, at 1. DuPont takes issue with the "Plaintiff's characterization of Defendant's position on the issue of which employees should receive the Notice [because it] is incomplete." *Id.* at 2.

DuPont argues that the Notice and Consent forms should only be sent to *current and former hourly or salaried non-exempt employees of DuPont's Legacy facilities who worked prior to April 1, 2016, and who were paid overtime through MyInfo's scheduled overtime allowance procedure*. *See generally* Doc. No. 76. DuPont is correct. Under the first stage of *Lusardi*, the magistrate judge determined that Chance has shown only that he is similarly situated to hourly or salaried non-exempt DuPont employees at Legacy facilities—not other DuPont facilities—paid under the MyInfo system in use until April 1, 2016. *See* Doc. No. 70, at 13, 18-20. Accordingly, DuPont is only ordered to provide contact information for employees who meet such criteria.

### E. Orders

It is, therefore, **ORDERED** that Chance's objections (Doc. No. 74) and DuPont's objections (Doc. No. 72) are **OVERRULED**. The magistrate judge's report and recommendation (Doc. No. 70) is **ADOPTED**, and a conditional FLSA class is certified as of the date this order is signed.

It is **ORDERED** that DuPont shall provide the Plaintiff, under oath, with the full names of "employees" and their last known mailing addresses, telephone numbers, email addresses, and dates of employment within twenty-one (21) days of the date this order is entered. "Employees" means current or former hourly or salaried non-exempt employees of DuPont's Legacy facilities who worked prior to April 1, 2016, and who were paid overtime through MyInfo's scheduled overtime allowance procedure. Employees who last worked for DuPont's Legacy facilities more than three years prior to the date this order is signed shall be excluded. Employees already pursuing their alleged FLSA violations in *Dunne, et al. v. E. I. Du Pont De Nemours*, No. 1:17-CV-659-WMS-HBS, W.D.N.Y. shall also be excluded. The parties shall incorporate these changes into the proposed Class Notice. *See* Doc. No. 75.

It is **ORDERED** that the Plaintiffs must attempt to mail the Notice and Consent forms (Doc. No. 75) to all potential class members within twenty-one (21) days of the receipt of names and addresses of putative class members from DuPont.

Case 1:16-cv-00376-MAC-ZJH Document 82 Filed 01/08/18 Page 6 of 6 PageID #: 1709

It is **ORDERED** that DuPont must post a copy of the Notice in each of its Legacy facilities through the end of the Notice period (60 days after notice issues) in the same conspicuous and employee-accessible locations where FLSA-related notices are generally posted.

SIGNED at Beaumont, Texas, this 8th day of January, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE