# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| GENE R. CHANCE<br><br>Plaintiff,<br><br>vs.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>Defendant. | CASE NO. 1:16-cv-00376 (LEAD CASE)<br><br>CASE NO. 1:17-cv-00333 (MEMBER CASE)<br><br>CASE NO. 1:18-cv-402 (MEMBER CASE) |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into by and between the following Parties: (1) Gene R. Chance, Gerald M. Dunne, and Kenneth Cook, both individually and on behalf of all members of the conditionally-certified collective action under the Fair Labor Standards Act ("FLSA") and for settlement purposes only Rule 23 state law classes under New York, Illinois, Kentucky and California law (collectively "Plaintiffs"); and (2) Defendant E. I. du Pont de Nemours and Company and any of its parents, subsidiaries and affiliates (collectively "DuPont" or "Defendant"). The Parties hereto agree to the following:

1. **Effective Date:** "Settlement Effective Date" is defined as the later of: (1) the date when the time for appeal of the final judgment dismissing Case Nos. 1:16-cv-00376, 1:17-cv-00333 and 1:18-cv-402 has expired; or (2) the date of the final resolution of any appeal or other judicial review of the Agreement if an appeal has been filed and not dismissed.

2. **Relevant Time Periods.** The "Relevant Time Period" is defined as:

a. For the FLSA, the period three years back from the date each opt-in's consent form was filed up through and including April 1, 2016.

b. For the settlement purposes only Rule 23 state law class under New York law, from July 17, 2011 up through and including April 1, 2016.

c. For the settlement purposes only Rule 23 state law class under California law, from April 16, 2014 up through and including April 1, 2016.

d. For the settlement purposes only Rule 23 state law class under

Kentucky law, from April 16, 2013 up through and including April 1, 2016.

e. For the settlement purposes only Rule 23 state law class under Illinois law, from April 16, 2015 up through and including April 1, 2016.

3. **FLSA Collective**. The FLSA Collective is defined as all 2,709 individuals that filed consents to participate in the *Chance*, *Cook*, and *Dunne* cases.

4. **Rule 23 Settlement Classes**. The Rule 23 Settlement Classes are defined as all non-exempt employees that were paid through MyInfo who worked at any of Defendant's Legacy facilities located in Illinois, California, Kentucky or New York during the Relevant Time Periods that are not part of the FLSA Collective and that do not timely submit Opt Out Forms. For settlement purposes only, the Parties agree and stipulate that the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23 with respect to the Settlement Class Members have been and are met. Defendant reserves all other arguments regarding class certification and does not consent to class certification for any other purposes other than settlement.

5. **Consideration.** It is expressly understood and agreed that the receipt of any payment under this paragraph will not entitle any Plaintiff to additional compensation or benefits from Defendant. In consideration for signing this Agreement and complying with its terms:

a. Subject to Court approval, Defendant agrees to pay to Plaintiffs and their counsel up to Two-Million, Seven-Hundred Twenty-Five Thousand Dollars ($2,725,0000) ("Settlement Fund"), to be apportioned as follows:

(1) FLSA Opt-In Fund. Subject to Court approval, Defendant will pay the FLSA Collective up to $1,450,782.72 of the Settlement Fund to settle the claims of the FLSA Collective (the "FLSA Opt-In Fund") as follows:

a. Each FLSA Opt-in member's pro rata share of the FLSA Opt-In Fund was calculated based on the number of weeks each worked during their Relevant Time Periods. Plaintiffs' counsel will contact each FLSA opt-in to confirm their weeks of eligibility as reflected in the Defendant's records. Each FLSA Opt-In will receive a check based on their Relevant Time Periods as reflected in Defendant's records, subject to Plaintiffs' counsel's ultimate determination of the distribution of the Fund after notifying each opt-in member of the settlement, its terms, and the number of weeks of work during the recovery period reflected in DuPont's records. The payments shall be made within thirty (30) days from the Settlement Effective Date

b. All of the amounts in the FLSA Opt-In Fund represent alleged

liquidated damages as Defendant previously paid Plaintiffs all of the back wages they were owed under the FLSA, as attested to in Exhibit A. Defendant will issue IRS Form 1099s in accordance with the law for these payments.

c. All checks for settlement payments shall remain valid for one hundred eighty (180) days from the date on the checks and shall thereafter automatically be cancelled if not cashed by the eligible Plaintiff within that time. Each Plaintiff has no right to or interest in any settlement payment unless and until each Plaintiff cashes his or her check. Any amount of the FLSA Opt-In Fund not cashed shall remain in Defendant's possession.

(2) Class Member Fund. Subject to Court approval, Defendant will collectively pay the Rule 23 Settlement Classes up to $240,000 of the Settlement Fund to settle the claims of the Rule 23 Settlement Classes (the "Class Member Fund"), as follows:

a. Each Rule 23 class member's pro rata share of the Class Member Fund was calculated based on the number of weeks each worked during the Relevant Time Periods according to Defendant's records, subject to Plaintiffs' counsel's ultimate determination of the distribution of the Fund . Each Plaintiff can make a claim based on the number of weeks they worked during the Relevant Time Periods as reflected in Defendant's records, subject to Plaintiffs' counsel's ultimate determination of the distribution of the Fund. The payments shall be made within thirty (30) days from the Settlement Effective Date

b. Half of the amounts in the Class Member Fund represent alleged back wages. Required federal and state income and employment taxes shall be withheld from this half. Defendant will issue to Plaintiffs Form W-2s for the back wages portions of the payments. Defendant shall pay the employer's share of all required payroll taxes on the foregoing payments. The other half of the amounts in the Class Member Fund represent liquidated damages and other penalties available under the applicable state laws. Defendant will issue IRS Form 1099s in accordance with the law for these amounts.

c. All checks for settlement payments shall remain valid for one hundred eighty (180) days from the date on the checks and shall thereafter automatically be cancelled if not cashed by the eligible Class Member within that time. Each Class Member has no right to or interest in any settlement payment unless and until

each Class Member cashes his or her check. Any amount of the Class Member Fund not cashed shall remain in Defendant's possession.

d. Defendant is only obligated to pay the portion of the Class Member Fund which is timely claimed by Class Members as provided in Section 6. Any amount of the Class Member Fund not claimed by Class Members shall remain in Defendant's possession.

(3) Service Awards. Subject to Court approval, Plaintiffs Gene Chance, Kenneth Cook, Gerard Dunne, James Cahoon, Margaret Manning, and George Willis shall each receive, in addition to their respective *pro rata* shares of the $ 1,450,782.72portion of the Opt-In Fund, and where applicable, the Rule 23 Class Member Fund, a service award of $10,000 in recognition of their service as the Class Representatives. The total amount of Service Awards is not to exceed $60,000. These service awards shall be paid separately from and in addition to the Opt-In Fund. Defendant agrees not to oppose any request made by Plaintiffs to the Court for these service awards. These payments shall be made within thirty (30) days from the Settlement Effective Date. With respect to any service awards approved by the Court, Defendant will issue a Form 1099 and no deductions will be made from this payment. In consideration for these Service Awards, each recipient shall execute a general release of all claims through the Settlement Effective Date substantially in the form of Exhibit B.

(4) Claims Administrator. Defendant shall select and pay for a claims administrator to manage and administer the settlement.

(5) Fees and Costs Fund. Subject to court approval, the Defendant will pay up to $974,217.28 ($160,000 of which represents attorneys' fees and costs related to the Class Member Fund) of the Settlement Fund to Reaud, Morgan & Quinn, L.L.P. and Woodley & McGillivary LLP ("Plaintiffs' counsel") for reasonable fees and costs ("Fees and Costs Fund") as follows:

a. Defendant will pay Plaintiffs' reasonable attorney's fees and expenses approved by the Court from the Fees and Costs Fund. Defendant will issue IRS Form 1099s in accordance with the law for this amount. Plaintiffs' Counsel shall not be entitled to any additional attorney's fees and expenses in connection with this Litigation, inclusive of all prior pleadings, in excess of what is approved by the Court in connection with this Agreement.

b. Plaintiffs will file a motion to the Court for approval of the Fees and Costs Fund, which Defendant will not oppose.

c. If the Court refuses to approve Plaintiff's counsel's attorney's fees as stated herein, in whole or in part, it shall have no impact on the enforceability of the remainder of this Agreement subject to all available appellate rights relating to Plaintiffs' attorneys' fees and costs application. Both parties agree not to appeal the enforceability of the remainder of the settlement agreement regardless of the Court's approval or non-approval of the attorney's fee/costs award. This payment shall be made within thirty (30) days from the Settlement Effective Date.

d. Any amount of the Fees and Costs Fund not awarded by the Court to Plaintiffs for their reasonable attorney's fees and expenses shall remain in Defendant's possession.

b. Plaintiffs and Defendant agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Eastern District of Texas. Plaintiffs also agree that in the Motion for Approval of this Settlement, Plaintiffs will move contemporaneously to amend the Complaint to add claims under the New York Minimum Wage Act and New York Labor Law (N.Y. Lab. Law. §§ 650 et. seq. and 12 N.Y.C.C.R § 142), California Labor Code §§ 201, 202, 203, 204, 215, 216, 226, 226.6, 510, 1194, 1198, and 1199, California Industrial Wage Commission Wage Order No. 7-80, California Business and Professional Code §17200, *et seq*), the Illinois Minimum Wage Law (820 ILCS § 105/1 *et seq.*) and Kentucky Rev. Stat. Ann. §337.25 *et seq*., respectively. Plaintiffs will also move contemporaneously to certify for settlement purposes only Rule 23 classes under these statutes. Plaintiffs further agree to take all action necessary to have the claims in the *Chance*, *Cook*, and *Dunne* cases dismissed with prejudice.

c. Defendant will provide to the Claims Administrator the names, telephone numbers and home addresses for all individuals in the Rule 23 Settlement Classes within three (3) days of preliminary approval of the settlement agreement.

6. **Notice to Rule 23 Settlement Classes.** Notice of this settlement shall be sent to all members of the Rule 23 Settlement Classes only by mail in the form of Exhibit C. The notice shall be sent within 10 days of preliminary Court approval of this Agreement. Each Class Member will have 45 days from the date the notice is mailed to return their claim forms. Only those Class Members who timely return a fully completed claim form in the form of Exhibit D will be entitled to or have any interest in their pro rata share of the Class Member Fund. Defendant will pay each participant's pro rata share of the Class Member Fund within thirty (30) days after the later of (1) the close of the Claims Period; or (2) the Settlement Effective Date.

7. **Release of Claims by FLSA Collective.** In consideration of the benefits inuring to the Parties hereto, all members of the FLSA Collective are deemed hereby to have

forever released, discharged, relieved, covenanted not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendant; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendant (including, without limitation, all entities named in any and pleadings in this matter); and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims, actions, causes of action (in law or equity), suits, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs and expenses (including attorneys' fees), known or unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Releasees for unpaid wages, including but not limited to any claims under the FLSA, under any state wage and hour law in the state(s) in which they work(ed) for Defendant, or any common law or other claims for unpaid wages for all of the Relevant Time Periods set forth in Paragraph 2 above. As acknowledgement of this release and the resolution of plaintiffs' claims, Dupont agrees that any payments it made related to the calculation of the regular rate during the Relevant Time Period will not be recouped from any of the plaintiffs who have opted in to this case or who do not opt out of the Rule 23 class.

8. **Release of Claims by Rule 23 Settlement Classes.** In consideration of the benefits inuring to the Parties hereto, all members of the Rule 23 Settlement Classes are deemed hereby to have forever released, discharged, relieved, covenanted not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendant; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendant (including, without limitation, all entities named in any and pleadings in this matter); and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims, actions, causes of action (in law or equity), suits, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs and expenses (including attorneys' fees), known or unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, based on any theory whatsoever, which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Releasees for unpaid wages under California, Illinois, Kentucky and New York state or local law, including but not limited to claims under the New York Minimum Wage Act and New York Labor Law (N.Y. Lab. Law. §§ 650 et. seq. and 12 N.Y.C.C.R § 142), California Labor Code §§ 201, 202, 203, 204, 215, 216, 226, 226.6, 510, 1194, 1198, and 1199, California Industrial Wage Commission Wage Order No. 7-80, California Business and Professional Code §17200, *et seq*), the Illinois Minimum Wage Law (820 ILCS § 105/1 *et seq.*) and Kentucky Rev. Stat. Ann. §337.25 *et seq.*, as well as any common law and any other claims for unpaid wages, respectively during the applicable Relevant Time Periods identified in Paragraph 2(b-e) above. The foregoing release shall apply unless any member of the Rule 23 Settlement Class completes an Opt-Out Form attached as Exhibit E within 45 days of the date the Administrator mails notice. Rule 23 Class Members may also object to the Settlement within 45 days of the date the Administrator mails notice.

9. **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with the laws of the State of Texas. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.

10. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendant expressly denies any wrongdoing whatsoever in connection with the allegations in the Litigation.

11. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties.

12. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Agreement, except for those expressly set forth in this Agreement.

13. **Non-Disclosure.** Except as necessary or required to a tax advisor; an attorney with whom Plaintiffs choose to consult regarding their consideration of this Agreement; to any federal, state or local government agency; or to a spouse or domestic partner, Plaintiffs agree not to disclose any information that is not already filed in the public record regarding the underlying facts, transactions, occurrences, events, acts, omissions, or failures to act that were or could have been alleged in the Litigation, nor any information concerning the existence or substance of this Agreement, including specifically on or in any media, whether print or electronic media such as social media, web pages, video, apps, or email. Further, other than as set forth in this Agreement, Plaintiffs and their counsel shall not solicit or encourage any current or former contractors, affiliates, or employees of Defendant to bring any claim(s) against Defendant or the Releasees.

14. **Counterparts.** This Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

15. **Invalid Without Court Approval.** This Agreement is subject to approval by the United States District Court for the Eastern District of Texas in the Litigation. Except as stated below and in Section 5(a)(5) above, in the event the Agreement is not approved, the Parties agree that: (1) the Agreement shall be deemed null and void, of no force and effect, and of no probative value; (2) it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation; and (3) the Parties shall return to their respective positions immediately prior to the execution of this Agreement. If the Court does not approve any particular provision in this Agreement, the Parties may agree to sever any such

provision and resubmit the Agreement to the Court for approval.

16. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFFS HAVE HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT. PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**E. I. DU PONT DE NEMOURS AND COMPANY**

By: [signature] Date: 11/1/2018

**GENE CHANCE (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

By: ______________________ Date: ______________

**GERALD DUNNE (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

By: ______________________ Date: ______________

**KENNETH COOK (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

DocuSigned by: [signature] B19A5D7E49CA4E1...

By: ______________________ Date: 10/31/2018 5:48:04 PM PDT

provision and resubmit the Agreement for Court approval.

16. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFFS HAVE HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT. PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**E. I. DU PONT DE NEMOURS AND COMPANY**

By: [signature] Date: 10-25-18

**GENE CHANCE (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

By: ____________________ Date: ____________

**GERALD DUNNE (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

By: ____________________ Date: ____________

**KENNETH COOK (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

provision and resubmit the Agreement to the Court for approval.

16. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFFS HAVE HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT. PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**E. I. DU PONT DE NEMOURS AND COMPANY**

By: ______________________________ Date: ________________

**GENE CHANCE (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

By: Gerard Dunne Date: 10/25/17

**GERALD DUNNE (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

By: ______________________________ Date: ________________

**KENNETH COOK (on behalf of himself, all FLSA Collective Members, and all Rule 23 Class Members):**

By: ______________________________ Date: ________________

**PLAINTIFFS' COUNSEL (on behalf of all FLSA Collective Members, and all Rule 23 Class Members):**

By: ______________________ Date: 11/01/2018