## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| GENE R. CHANCE,<br>KENNETH COOK<br>JAMES BOTTS<br>SHAWN HUNTER<br>LARRY LACLAIR<br>THOMAS SHORT<br>GEORGE WILLIS<br>JAMES CAHOON<br>CHRIS PAULLEY, on behalf of themselves<br>and others similarly situated,<br><br><br><br>               Plaintiff,<br><br>   vs.<br><br>E. I. DU PONT DE NEMOURS AND<br>COMPANY,<br>               Defendant. | CASE NO. 1:16-cv-00376 (Lead Case)<br>CASE NO. 1:17-cv-00333 (Member Case)<br>(MC)(ZH)<br><br>Jury Trial Demanded |

## FOURTH AMENDED COLLECTIVE ACTION COMPLAINT[1]

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

### INTRODUCTION

1.      COMES NOW, Named Plaintiffs, Gene Chance, Kenneth Cook, James Botts, Shawn Hunter, Larry LaClair, Thomas Short, George Willis, James Cahoon, and Chris Paulley by and through Class Counsel, and respectfully submit their complaint against E.I. DuPont de Nemours and Company ("DuPont") on their own behalf and on behalf of all similarly situated overtime-eligible employees who worked in positions at one of defendant's plants nationwide.

---

[1]      The plaintiffs file this "amended" complaint in this consolidated action as set forth in the contemporaneously filed Joint Motion for Preliminary Approval of Settlement, for Leave to Amend the Complaint, to Certify Rule 23 Classes for Settlement Purposes Only, and to Schedule a Final Approval Hearing. The purpose of the Fourth Amended Collective Action Complaint is to join the claims in the consolidated cases into a single instrument and to add class action claims arising under several state laws.

2.     At its facilities nationwide, DuPont violated the Fair Labor Standards Act ("FLSA") and the most basic fair labor standard — that employees are entitled to a fair day's pay for a fair day's work — in failing to pay overtime in a timely fashion at the required rate of one and one-half times the employees' regular rates of pay.

3.     The regular rate of pay is the keystone to the FLSA because it provides the base point from which the employees' overtime is calculated. Here, the representative plaintiffs and all similarly situated employees toil long hours at DuPont's more than 50 facilities nationwide in overtime-eligible positions. In return, DuPont unlawfully deprived the representative plaintiffs, and all similarly situated employees of the overtime compensation at the rate of one and one-half times plaintiffs' regular rates of pay in violation of the FLSA by purposefully excluding certain payments/remuneration from the plaintiffs' regular rates of pay, and in addition, by paying overtime months, or even years, after plaintiffs had worked that overtime.

## PARTIES

4.     Plaintiffs are current or former employees of the defendant, and they bring this action as a collective action in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against the defendant on behalf of themselves and all others similarly situated because of defendants' unlawful deprivation of plaintiffs' rights to overtime compensation. Plaintiffs seek compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. §201, *et seq.*

5.     At all times material herein, the representative plaintiffs Gene Chance, Kenneth Cook, James Botts, Shawn Hunter, Larry LaClair, Thomas Short, George Willis, James Cahoon, and Chris Paulley have been employed by the defendant DuPont, at DuPont's Sabine River Works Plant in Orange, Texas ("SRW Plant"), DuPont's Old Hickory Plant in Davidson County,

Tennessee ("Old Hickory Plant"), DuPont's Spruance Plant in Chesterfield County, Virginia ("Spruance Plant"), or DuPont's Louisville Plant in Jefferson County, Kentucky ("Louisville Works Plant") in overtime-eligible positions. In their positions, plaintiffs were eligible for, and, in fact, were paid, premium payments/other remuneration in addition to their hourly wages. When paid premium pay in addition to their hourly wages, defendant failed to include the premium pay in their regular rates of pay for purposes of calculating and paying them overtime compensation for working in excess of forty (40) hours in a week.

6.      Plaintiffs bring their claims on behalf of themselves and other similarly situated employees who meet the following definition: All current or former hourly or salaried non-exempt employees who worked at DuPont Legacy facilities between January 9, 2015 and March 31, 2016, were paid using the MyInfo System and who received a scheduled overtime allowance, including both day shift and night shift.

7.      At all material times, the previously filed "opt-in" plaintiffs have occupied overtime-eligible positions. The exact dates of the work assignments and the hours of work of the 9 representative plaintiffs and the remaining opt-in plaintiffs are in the custody and control of the defendant and the defendant knows specifically what dates each of plaintiffs have occupied overtime-eligible positions and the precise dates of such information will be reflected in defendant's documents.  29 U.S.C. § 211 (c); 29 C.F.R. § 516.2 (a) (*recordkeeping requirements of Defendant*)

8.      Plaintiffs bring this action for back pay, liquidated damages and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

9.      In addition to the claims of the individually named plaintiffs and those similarly situated, plaintiffs Gerard M. Dunne, Ronald S. Murphy, Dion L. Walker, Margaret Manning, Joseph Franco, Craig Maggio, James Cahoon, and Robin Scrivner bring Counts II through X, claims arising under California, Kentucky, Illinois, and New York wage and hour statutes, as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and as representatives of the following class or subclass:

> All persons who worked for Defendant in California, Kentucky, Illinois, or New York at anytime during the relevant time period and who worked in an overtime-eligible position, and who were paid using the MyInfo payroll system.

10.      Plaintiffs Joseph Franco and Craig Maggio, in addition to asserting violations of the FLSA, seek to redress violations by defendant of the California Unfair Competition Law, the California Labor Code, and California Wage Orders (collectively "California Wage Laws"). Plaintiffs Franco and Maggio assert DuPont failed to pay them and those similarly situated proper overtime compensation and wages for all hours worked, in violation of the California Wage Laws.

11.      Plaintiff Robin Scrivner, in addition to asserting violations of the FLSA, seeks to redress violations by defendant of the Illinois Wage Payment and Collection Act, 802 Ill. Comp. Stat. 115/1, and the Illinois Minimum Wage Act, 7820 Ill. Comp. Site. State 105/1, and regulations promulgated thereunder (collectively "Illinois Wage Laws"). Plaintiff Scrivner asserts DuPont failed to pay her and those similarly situated proper overtime compensation and wages for all hours worked, in violation of the Illinois Wage Laws.

12.      Plaintiff James Cahoon, in addition to asserting violations of the FLSA, seeks to redress violations by defendant of the Kentucky Wage and Hour Laws, Ky. Rev. Stat. Ann., Chapter 337, and related regulations (collectively "Kentucky Wage Laws"). Plaintiff Cahoon

asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Kentucky Wage Laws.

13.     Plaintiffs Dunne, Murphy, Walker, and Manning, in addition to asserting violations of the FLSA, seeks to redress violations by defendant of the New York Minimum Wage Act and New York Labor Law.

14.     In asserting their FLSA claims, the above-named representative plaintiffs and the opt-in plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents have been previously filed with the Court. The consent of each representative plaintiff is attached hereto as Exhibit A. A list of all opt-in plaintiffs who, to date, have given their written consent to be party plaintiffs in this action is attached as Exhibit B.

15.     Each of the plaintiffs in this action, while employed by the defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 203(e)(1).

16.     Defendant DuPont is an employer within the meaning of Section 3(d) of the FLSA. DuPont's principal office and place of business is located at 974 Centre Road, Wilmington, Delaware, 19805. DuPont has in its possession, custody, and control all of the employment records of the representative plaintiffs and those similarly situated to them so that DuPont can identify exactly when each of the plaintiffs listed in the caption worked in overtime-eligible positions and, in addition, plaintiffs' payroll records that reflect the plaintiffs' hours of work and the amounts paid to them.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and

29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

18.     This Court also has original jurisdiction over the state law claims asserted herein

pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because the state law

claims consist of class claims in which: (1) the class consists of at least 100 proposed members;

(2) the matter in controversy is greater than $5,000,000 after aggregating the claims of the

proposed class members, exclusive of interest and costs; and (3) at least some members of the

proposed class have a different citizenship from defendant. 28 U.S.C. § 1332(d)(2).

19.     In addition or in the alternative, this Court has supplemental jurisdiction pursuant

to 28 U.S.C. §1367 over Plaintiffs' State Law Claims because those claims derive from a

common nucleus of operative fact.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

21.     Since June 1, 2014, as well as before, the representative plaintiffs have worked

within the SRW Plant, Spruance Plant, Old Hickory Plant, and Louisville Works Plant for the

defendant and have occupied overtime-eligible Positions.

22.     At all times material herein, the representative plaintiffs have been employed by

defendant DuPont.

23.     At all times material herein, representative plaintiff Gene Chance has worked as a

"Production Operator Technician" in an overtime eligible position at the SRW Plant. At all times

material herein, representative plaintiff Gene Chance has worked at DuPont's SRW Plant,

located at 2735 Farm to Market Rd 1006, Orange, TX 77630.

24.     At all times material herein, representative plaintiff Kenneth Cook has worked as an operator in an overtime-eligible position at the Old Hickory Plant. At all times material herein, representative plaintiff Kenneth Cook has worked at DuPont's Old Hickory Plant, located at 1002 Industrial Dr., Old Hickory, TN 37138.

25.     At all times material herein, representative plaintiff Chris Paulley has worked as operators in overtime-eligible Positions at the Louisville Works Plant. At all times material herein, plaintiff Chris Paulley has worked at DuPont's Louisville Works Plant, located at 4200 Camp Ground Rd, Louisville, KY 40216.

26.     At all times material herein, representative plaintiff and Class Representative James Cahoon has worked as operators in overtime-eligible Positions at the Louisville Works Plant. At all times material herein, plaintiff Cahoon has worked at DuPont's Louisville Works Plant, located at 4200 Camp Ground Rd, Louisville, KY 40216.

27.     At all times material herein, representative plaintiffs Larry LaClair, Shawn Hunter, Thomas Short and George Willis have worked as control equipment technician, maintenance electrician, electrician, or instrument technician in overtime-eligible positions at the Spruance Plant. At all times material herein, representative plaintiff James Botts has worked as a plant technician in an overtime-eligible position at the Spruance Plant. At all times material herein, representative plaintiffs Larry LaClair, Shawn Hunter, Thomas Short, George Willis, and James Botts have worked at DuPont's Spruance Plant, located at 5200 DuPont Site Rd, Richmond, VA 23234.

28.     At all times material herein, Class Representative Joseph Franco worked as a Maintenance Technician in an overtime-eligible position at DuPont's plant in Hayward, California, located at 2520 Barrington Ct., Hayward, CA 94545. At all times material herein,

Class Representative Craig Maggio worked as an Engineering Technician in an overtime-eligible position in DuPont's plant in Goleta, California, located at 6780 Cortona Dr., Goleta, CA 93117.

29.     At all times material herein, Class Representative Robin Scrivner worked as an Operator Mechanic in an overtime-eligible position at DuPont's plant in El Paso, Illinois, located at 2830 US Highway 24, El Paso, IL, 61738.

30.     At all times material herein, Class Representatives Dunne, Murphy, Walker, and Manning worked in production worker jobs, which are overtime eligible positions, at DuPont's Buffalo, New York plant, where the company makes Corian, a material used in residential construction for countertops, and Tedlar, a film that is used in constructing airplanes.

31.     The SRW, Old Hickory, and Louisville Works Plants are staffed with workers who work rotational shifts, or "shift workers." These workers rotate between two twelve-hour long shifts to ensure continuous 24-hour coverage. The two twelve-hour shifts are from 6:00 am to 6:00 pm, and from 6:00 pm to 6:00 am. The workers' schedule causes the workers to work four twelve-hour night shifts, followed by three days off, followed by three twelve-hour day shifts, followed by one day off, followed by three twelve-hour night shifts, followed by three days off, followed by four twelve-hour day shifts, followed by one week off. The work schedule rotation then repeats. This rotation causes a workers' regular schedule to comprise of 168 hours of work in a 28-day rotation, with some weeks 48-hour workweeks. All shifts are staffed with employees in overtime-eligible positions.

32.     The Spruance, El Paso, Hayward, and Goleta Plants are or were staffed with "day workers" and "shift workers." Day workers work Monday through Friday from 7:00 am to 3:30 pm. Shift workers rotate between three eight-hour long shifts to ensure continuous 24-hour coverage, 365 days a year. The three eight-hour shifts are from 8:00 am to 4:00 pm, 4:00 pm to

8

12:00 am, and 12:00 am to 8:00 am. Shift workers rotate shifts each week. All shifts are staffed with employees in overtime-eligible positions.

33.     The Buffalo, New York plant is staffed by employees who work one of two shifts: a swing shift or a rotating shift. For example, Plaintiff Gerard Dunne has worked primarily on the "swing shift" from July 17, 2011 to the present. Plaintiff Dion Walker worked primarily on the "rotating shift" from July 17, 2011 to the present. All plaintiffs have worked shifts for which, in addition to their other pay, the employees receive premium payments during some or all of the time period from July 17, 2011, to the present

34.     In addition to their regularly scheduled hours, plaintiffs, and all similarly situated employees in an overtime-eligible position at DuPont's 50 plants nationwide, routinely work additional overtime shifts, and thus regularly work more than 40 hours in a 7-day period.

35.     Prior to April 1, 2016, DuPont utilized a payroll system or service called MyInfo. During this time, DuPont failed to include premium payments/all remuneration of plaintiffs and other similarly situated employees in overtime-eligible positions, when calculating the regular rate at which overtime was paid, including but not limited to, its failure to include shift premiums, shift differentials, and meal allowance payments in plaintiffs' regular rates of pay.

36.     As such, during the weeks that the plaintiffs worked more than 40 hours, DuPont violated the FLSA by failing to pay plaintiffs for overtime work performed over the 40-hour threshold until more than two pay periods after the work was performed.  During this relevant time frame, DuPont was aware of its obligations to calculate, pay and record the "regular rate of pay" and corresponding overtime wages. *See Smiley v. EI DuPont De Nemours,* 839 F.3d 325 (3rd Cir. 2016) (trial court proceedings)

37.     The plaintiffs, and all similarly situated employees who worked at one of DuPont's worksites nationwide, worked significant amounts of overtime, but DuPont failed to provide the overtime pay to which they are entitled under the law, and failed to pay overtime in a timely manner, all in knowing disregard of  DuPont's obligations under the FLSA.

*Failure to Include Premium Payments/All Remuneration in the Regular Rate*

38.     Employees in overtime-eligible positions receive premium payments/remuneration in addition to their hourly wages.

39.     For example, employees in overtime-eligible positions receive shift premiums payments of 5% or 10%, depending on their assignments as either a "day worker" or a "shift worker."  Specifically, when a "day worker" employed by defendant works from 4:00 pm to 12:00 am, he or she receives a 5% shift premium. When a "day worker" works from 12:00 am to 8:00 am, he or she receives a 10% shift premium.

40.     "Shift workers" employed by defendant (overtime-eligible employees who work rotating shifts) always earn a 10% shift premium for working overnight.

41.     Prior to April 1, 2016, and continuing thereafter, these premiums were not included in the regular rate of pay at which overtime was paid to FLSA overtime eligible employees such as plaintiffs and all other similarly situated employees.

42.     Employees in overtime-eligible positions also routinely earn between $10-$30 each shift as meal allowance premium payments for working beyond their regular schedule, the amount of which depends on whether they are working on a regularly scheduled workday, or on a regular day off. Prior to April 1, 2016 and continuing thereafter these meal allowance premium payments were not included in the regular rate of pay at which overtime was paid to FLSA overtime eligible employees such as plaintiffs and all other similarly situated employees.

10

43.     DuPont previously sent a Notice with corresponding retroactive payment of overtime wages to one or more of the representative plaintiffs, and other similarly situated workers identifying some of the premium payments/remuneration DuPont failed to include in the regular rate of pay.  *See* Exhibit C.  Upon information and belief, DuPont's additional payment of wages still did not include payment of all overtime wages owed, including but not limited to encompassing the 3-year window prescribed by the FLSA.  Additionally, while DuPont's Notice acknowledged it's failure to properly calculate overtime pay based on the prescribed regular rate, DuPont failed to pay the liquidated damages mandated by the FLSA under 29 U.S.C. § 216. Exhibit C.

44.     For example, representative plaintiff LaClair worked over 40 hours during the week of February 8, 2016 and earned shift premiums and meal allowances. These premium payments were not included in the rate at which plaintiff LaClair was paid overtime for that work week. Instead, Mr. LaClair was paid for his regular hours, his unscheduled overtime hours, and his scheduled overtime hours using the same base rate of pay, which excluded all premium payments.

45.     Similarly, representative plaintiff LaClair worked over 40 hours during the week of January 25, 2016. These premium payments were not included in the rate at which plaintiff LaClair was paid overtime for that workweek. Instead, Mr. LaClair was paid for his regular hours, his unscheduled overtime hours, and his scheduled overtime hours using the same base rate of pay, which excluded all premium payments.

46.     As a result of these omissions, representative plaintiff LaClair was denied compensation in violation of the FLSA because defendant miscalculated the regular rate with which it used to calculate his overtime compensation.

47.     Additionally, representative plaintiff Willis is a "shift worker" and earns a 10% shift differential for all hours worked. For example, he worked over 40 hours during the week of January 11, 2016 and earned meal allowances. These premium payments were not included in the rate at which representative plaintiff Willis was paid overtime for that period. Instead, Mr. Willis was paid for his regular hours, his unscheduled overtime hours, and his scheduled overtime hours at the same base rate of pay, which excluded all premium payments.

48.     Similarly, representative plaintiff Willis worked over 40 hours during the week of July 27, 2015 and earned meal allowances. These premium payments were not included in the rate at which plaintiff Willis was paid overtime for that work week. Instead, Mr. Willis was paid for his regular hours, his unscheduled overtime hours, and his scheduled overtime hours at the same base rate of pay, which excluded all premium payments.

49.     As a result of these omissions, representative plaintiff Willis was denied compensation in compliance with the FLSA because defendant miscalculated the regular rate with which it used to calculate his overtime compensation.

50.     Similar to the representative plaintiffs identified above, all employees in overtime-eligible positions at defendant's plants nationwide are similarly situated and routinely work and worked more than 40 hours in a work-week and receive premium payments in addition to their regular wages but were denied proper compensation because defendant miscalculated the regular rate used to calculate employees' overtime compensation.

51.     The precise amount of premium pay each plaintiff receives can be identified through defendant's payroll system or service providers, and through other work and pay records maintained by defendant, and thus the amount of damages can be determined that result from defendant's failure to include these payments in the regular rate of pay at which overtime is paid.

*Late Payment of Overtime Worked*

52.     When plaintiffs earn overtime payments, defendant has delayed the payment of overtime beyond the next pay period for which the plaintiffs are paid for their regular work hours.  The delay in payment takes place, because defendant failed to include the premium payment in its calculation of the plaintiffs' regular rates of pay for purposes of paying overtime for hours worked in excess of 40 hours a week. Then, months or years later, defendant paid some of this unpaid overtime compensation.

53.     For example, during the 2016 calendar year, after April 2016, defendant made some overtime payments for pre-April 2016 overtime work, apparently, by defendant's own admission, in an attempt to make up for some failed overtime payments but failed to provide liquidated damages or interest for these late payments and failed to provide these payments for a three-year period.

54.     For example, representative plaintiff LaClair worked in excess of 40 hours in a workweek in April 2016 but did not receive the payment for those hours until June 2016.

55.     Individuals who left defendant's employ prior to April 2016 when these payments were made did not ever receive such payments.

56.     Similar to the representative plaintiffs identified above, all employees in overtime-eligible positions employed at DuPont's 50 plants nationwide are similarly situated and are paid for overtime hours worked more than two pay periods after the plaintiffs worked and earned the overtime compensation. Similarly, all of the plaintiffs received late payments after April 2016 that were allegedly made for underpayments for overtime work performed before

13

April 2016, and such payments were made without interest and without liquidated damages and in improper amounts. The precise amount of overtime compensation that was delayed in each instance, can be identified through MyInfo, ADP and through other work and pay records that are in defendant's exclusive possession and control.

## CLASS ACTION ALLEGATIONS

57.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

58.     Plaintiffs sue on their own behalf and on behalf of classes of similarly situated employees under Federal Rule of Civil Procedure 23, based on defendant's violation of certain state laws. These state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Class.

59.     The class consists of current and former hourly or salaried non-exempt employees who worked for DuPont and who received a scheduled or unscheduled overtime allowance, including both day shift and night shift, and includes individuals who may have previously received a payment from DuPont.

60.     Plaintiffs request that the Court approve the appointment of Class Representatives of the Class as defined herein as identified by the undersigned counsel.

61.     *Numerosity*. The Class is so numerous that joinder of all members is impracticable. Defendant has employed hundreds of persons who meet the definition of the Class.

62.     There are at least 78 individuals, and likely far more, who meet the definition of the Class who worked for Defendant in one of its facilities in California during the relevant recovery period.

14

63.     There are at least 80 individuals, and likely far more, who meet the definition of the Class who worked for Defendant in one of its facilities in Illinois during the relevant recovery period.

64.     There are at least 108 individuals, and likely far more who meet the definition of the Class who worked for Defendant in one of its facilities in Kentucky during the relevant recovery period.

65.     There are at least 400 individuals, and likely far more, who meet the definition of the Class who worked for the Defendant in one of its facilities in New York during the relevant recovery period.

66.     *Commonality*. Common questions of law and fact exist as to members of the Classes, including but not limited to the following: (a) whether defendant's policies and practices as described herein were illegal; (b) whether defendant violated the respective state laws by failing to pay overtime wages at the required rate or in the required amount; and (c) whether defendant violated the respective state laws by failing to pay overtime wages in a timely fashion.

67.     *Typicality*. The Class Representatives' claims are typical of Class Members' claims. The Class Representatives  and Class Members were paid under the same policy and procedure as all members of the Class. The Class Representatives and Class Members were victims of the same wrongful conduct engaged by defendant in violation of the laws of California, Illinois, Kentucky, or New York, as described herein. The Class Representatives, like the other members of the Class, were subject to Defendant's policy and practice of failing to pay overtime wages at the proper rate or proper amount, or failing to pay overtime wages in a timely fashion.

68.     *Predominance*. Questions of fact and law common to the Class members predominate over any questions affecting only individual members, including but not limited to:

    a.  whether DuPont employed the members of the Class within the meaning of the state wage and hour laws;

    b.  whether DuPont failed and/or refused to pay the members of the Class overtime wages for all hours worked in excess of forty hours per workweek, at one and one-half times the proper regular rate of pay when it failed to properly calculate the regular rate of pay; and

    c.  whether DuPont failed and/or refused to pay the members of the Class overtime wages in a timely fashion

69.     *Adequacy of Representation*. The Class Representative Plaintiffs will fairly and adequately protect the interests of Class Members and have retained counsel experienced in pursuing complex employment matters and class action/multi-party litigation who will adequately, competently and vigorously represent the interests of Class Members. The Class Representative Plaintiffs' claims are not adverse or in conflict with the claims of Class.

70.     *Superiority*. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Treating this as a class action will permit a large number of persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expenses that numerous individual actions would entail.

## COUNT I

**FAILURE TO PAY PLAINTIFFS AND
ALL SIMILARLY SITUATED EMPLOYEES
IN COMPLIANCE WITH THE FLSA**

71.     Plaintiffs hereby incorporate by reference paragraphs 1 through 70 in their entirety and restate them herein.

72.     Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq*., require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions.  Defendant has failed to include all remuneration/premium payments that are made in addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs as required under the law.

73.     Defendant's failure to include premium payments/all qualifying remuneration in plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b) (non-overtime premiums must be included in the regular rate at which overtime is paid).  The failure to include these premium payments in plaintiffs' regular rates means that when plaintiffs are paid for overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

74.     Further, the FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the Act may not be delayed except as reasonably necessary to compute the amount owed and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106.  Defendant has violated these basic principles by delaying plaintiffs' overtime

17

payments for working in excess of 40 hours a week by weeks, months, and in some cases years after the overtime having been worked.

75.     Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

76.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work and pay records for the plaintiffs are in the exclusive possession, custody and control of defendant, or defendant's agents, and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

77.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

78.     Pursuant to 29 U.S.C. § 255(a), defendant's violation is willful, thus extending the recovery period back three years prior to the date each plaintiff's consent was filed in court.

79.     To the extent necessary, tolling applies to toll limitations back to the original filing of this action and/or agreements of the parties.

80.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C.

§ 216(b).

## COUNT II

### OVERTIME VIOLATIONS OF THE CALIFORNIA WAGE LAWS – FAILURE TO PAY ALL WAGES DUE AT DESIGNATED TIMES

81.     Plaintiffs hereby incorporate by reference paragraphs 1 through 80 in their

entirety and restate them herein.

82.     Plaintiffs Franco and Maggio bring this action on behalf of themselves and

members of a Rule 23 class action. This state law claim, if certified for class wide treatment, may

be pursued by all similarly situated persons who do not opt-out of the class.

83.     California's Legislature has provided several options available to employers for

scheduling payment of wages earned by employees. Under the requirements set forth at Labor

Code Section 204, 204(b) employers must pay employees either every two weeks or on a weekly

basis.

84.     Pursuant to Labor Code Section 204, an employer must pay, with expressed

exceptions, all wages earned by the employee twice during each calendar month, on days

designated in advance by the employer as the regular payday.

85.     If any employer fails to pay all wages at least twice monthly, and instead, only

pays some of the wages due, and these wages were earned during the corresponding pay period,

the employer has breached his or her duty under Labor Code Section 204.

86.     Defendant has failed to pay Plaintiffs Franco, Maggio, and members of the Class

all wages they earned at the designated pay dates for the corresponding pay periods. Defendant,

instead, paid Plaintiffs Franco, Maggio, and members of the Class at an overtime rate for hours

worked over forty hours a week at less than one and one-half times the regular rate of pay. In doing so, the Defendant has violated its duty under Labor Code Section 204 and/or 204(b).

87.     Plaintiffs Franco and Maggio, individually and on behalf of those similarly situated, request recovery of wages that were not paid at the designated time, or at any time before or afterward, in an amount to be proved at trial, in addition to interest, attorneys' fees, and costs in accordance with California Labor Code Sections 218, 218.5, 218.6, and 1194(a), and California Code of Civil Procedure Section 1021.5, as well as the assessment of any statutory penalties against the Defendant as authorized by and in accordance with relevant sections of the Labor Code.


## COUNT III

**OVERTIME VIOLATIONS OF THE CALIFORNIA WAGE LAWS – FAILURE TO PAY OVERTIME WAGES (CALIFORNIA LABOR CODE SECTIONS 203, 204, 215, 216, 226, 226.6, 510(a), 1194, 1198, and/or 1199; IWC Wage Order 7)**

88.     Plaintiffs Franco and Maggio hereby incorporate by reference paragraphs 1 through 87 in their entirety and restate them herein.

89.     Plaintiffs Franco and Maggio bring this action on behalf of themselves and members of a Rule 23 class action. This state law claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

90.     Pursuant to California Labor Code sections 203, 204, 215, 216, 226, 226.6, 510(a), 1194, 1198, and 1199, and certain Industrial Wage Commission Wage Orders, it is unlawful in California for an employer to employ a person for longer than eight (8) hours in a single day, or more than forty (40) hours in a single week, without paying a person more than their regular hourly rate of compensation.

91.     At all times mentioned in this Complaint, California Labor Code Section 510 provided that "any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh (7th) day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." At all times mentioned in this Complaint, IWC Wage Order No. 7-80 (revised) provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours in a single work week, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

92.     Since commencing their employment with DuPont, Plaintiffs Franco, Maggio, and each member of their Class have regularly worked in excess of eight (8) hours per day and forty (40) hours per week. Furthermore, Plaintiffs Franco, Maggio, and each member of their Class have regularly worked more than five days per week.

93.     Under Labor Code Section 510 and the provisions of IWC Orders, Plaintiffs Franco, Maggio, and each member of their Class should have received overtime wages in a sum according to the proof for hours worked during the four (4) years prior to the filing of this lawsuit. Defendant owes Plaintiffs Franco, Maggio, and each Class member overtime wages, but has failed and refused, and continues to fail and refuse, to pay Plaintiffs and each Class Member the amount owed.

94.     Plaintiffs Franco and Maggio, individually and on behalf of those similarly situated, request recovery of overtime wages, or at any time before or afterward, in an amount to

be proved at trial, in addition to interest, attorneys' fees, and costs in accordance with California

Labor Code Sections 218, 218.5, 218.6, and 1194(a), and California Code of Civil Procedure

Section 1021.5, as well as the assessment of any statutory penalties against the Defendant as

authorized by and in accordance with relevant sections of the Labor Code.

## COUNT IV

### OVERTIME VIOLATIONS OF THE CALIFORNIA WAGE LAWS – FAILURE TO PAY ALL UNPAID WAGES AT THE TIME OF TERMINATION (CALIFORNIA LABOR CODE SECTIONS 201(a) AND 202 (a))

95.     Plaintiffs Franco and Maggio hereby incorporate by reference paragraphs 1

through 94 in their entirety and restate them herein.

96.     Plaintiffs Franco and Maggio bring this action on behalf of themselves and

members of a Rule 23 class action. This state law claim, if certified for class wide treatment, may

be pursued by all similarly situated persons who do not opt-out of the class.

97.     California Labor Code Section 201(a) provides, in part, "if an employer

discharges an employee, the wages earned and unpaid at the time of discharge are due and

payable immediately."

98.     California Labor Code Section 202(a) provides, in part, "if any employee not

having a written contract for a definite period quits his or her employment, his or her wages shall

become due and payable not later than 72 hours thereafter . . .," subject to certain conditions,

none of which obviate the duty of the employer to tender the employee all money earned, yet

unpaid, to the employee.

99.     At all times mentioned in the Complaint, DuPont willfully failed to pay wages

(including overtime wages) earned by Plaintiffs Franco, Maggio, and members of the Class upon

the termination of their status as employees of DuPont.

22

100.     California Labor Code Section 203 provides, in part, "if an employer willfully fails to pay, without abatement or reduction, in accordance with Section 201, 201.5, 202, and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days." California Labor Code Section 203 also permits an employee to bring an action to recover "those penalties at any time before an expiration of the statute of limitations on an action for the wages from which the penalties arose."

101.     Because DuPont willfully failed to pay all wages owed to Plaintiffs Franco, Maggio, and those members of the Class whose employment with Defendant was terminated, at the time termination took place, Plaintiffs  Franco, Maggio, and Plaintiffs' Class members are entitled to recover all wages that should have been paid to them, but which were not, at the time of termination, in addition to all penalties authorized in Labor Code Section 203.

## <u>COUNT V</u>

## **OVERTIME VIOLATIONS OF THE CALIFORNIA WAGE LAWS – FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (California Labor Code 226(a))**

102.     Plaintiffs hereby incorporate by reference paragraphs 1 through 101 in their entirety and restate them herein.

103.     Plaintiffs Franco and Maggio bring this action on behalf of themselves and members of a Rule 23 class action. This state law claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

104.     California Labor Code Section 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with an accurate wage statement itemizing,

among other things, the total hours worked by the employee during the pay period, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

105.    The itemized wage statements issued to Plaintiffs Franco, Maggio, and members of their Class did not accurately reflect all applicable hourly rates that should have been in effect during the relevant pay periods.

106.    In failing to receive accurate itemized wage statements from DuPont, Plaintiffs Franco, Maggio, and members of their Class suffered injury.

107.    California Labor Code Section 226(e) provides, in part, that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code Section 226(a) is entitled to recover the greater of his actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

108.    DuPont knowingly and intentionally failed to provide timely and accurate itemized wage statements to Plaintiffs Franco, Maggio, and the members of their Class in accordance with California Labor Code Section 226.

109.    Because DuPont breached its duty pursuant to California Labor Code Section 226(a), Plaintiffs Franco, Maggio, and members of their Class are entitled to the damages and penalties provided for in Labor Code Section 226(e) and other relevant sections of the Labor Code.

## COUNT VI

**UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES (California Business and Professions Code Sections 17000 et seq. and 17200 et seq.)**

110. Plaintiffs hereby incorporate by reference paragraphs 1 through 109 in their entirety and restate them herein.

111. Plaintiffs Franco and Maggio bring this action on behalf of themselves and members of a Rule 23 class action. This state law claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

112. Defendant is a "person" as defined under California Business and Professions Code § 17021.

113. Each of the directors, officers and/or agents of defendant are equally responsible for the acts of the others as set forth in California Business and Professions Code § 17095.

114. Defendant has intentionally and improperly failed to pay Plaintiffs Franco, Maggio, and members of the Class wages they earned for periods of time worked in excess of eight hours in one day and forty hours in one week, as well as other wages earned but not paid. For the last four years, Defendant has intentionally and improperly failed to issue accurate itemized wage statements with paychecks issued to Plaintiffs Franco, Maggio, and members of Plaintiffs' Class. Defendant's failure to pay these wages and issue these itemized wage statements has been in violation of California Labor Code Sections 201, 226( a), 512 and 1198, California Penal Code §§ 484 (larceny) and 532 (obtaining labor through false pretenses), IWC Wage Order No. 7-80 (revised), and the guidelines set forth by the Division of Labor Standards Enforcement and the Industrial Welfare Commission, in addition to the standard imposed by the United States Congress following enactment and subsequent amendment of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.).

115.    Defendant's failure to pay required overtime and regular wages to Plaintiffs Franco, Maggio, and members of their Class has resulted in Defendant under-reporting to federal and state authorities wages earned by Class members and, therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, Social Security, Medicare, and workers' compensation premiums, in an amount according to proof at trial.

116.    Defendant's failure to maintain accurate records of hours worked, failure to pay overtime wages and regular wages, failure to pay all wages due at each appropriate time of payment, and failure to issue accurate itemized wage statements to Plaintiffs and members of Plaintiffs' Class is either unfair and/or an offense punishable by statutory fine for each violation. Defendant's acts constitute a continuing and ongoing unfair and unlawful activity prohibited by California Business and Professions Code sections 17200 et seq., and justify the issuance of an injunction, the making of restitution and the imposition of other equitable relief pursuant to Business and Professions Code § 17203.

117.    As a result of these acts and omissions by Defendant, the Defendant unfairly competed with other businesses in the State of California by not paying overtime wages in violation of Business and Professions Code, §§ 17000 et seq and 17200 et seq. Due to these unfair, fraudulent and/or unlawful business practices, Defendant has gained a competitive advantage over other comparable entities doing business in the State of California who adhere to the law requiring the payment of overtime wages.

118.    The victims of these unfair and/or unlawful business practices include, but are not limited to, Plaintiffs Franco, Maggio, and other Class members.

## COUNT VII

## OVERTIME VIOLATIONS OF THE KENTUCKY WAGE LAWS

119.    Plaintiffs hereby incorporate by reference paragraphs 1 through 118 in their entirety and restate them herein.

120.    Plaintiff Cahoon brings this action on behalf of himself and members of a Rule 23 class action. This state law claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

121.    Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. See KY. REV. STAT. ANN. §§ 337.275, *et seq.* (hereinafter referred to as the "Kentucky Wage Statutes").

122.    KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over 40 in one workweek.

123.    During all times material to this complaint, Defendant was a covered employer required to comply with the Kentucky Wage Statutes.

124.    During all times material to this complaint Plaintiff Cahoon and the members of the Class were covered employees entitled to the protections of the Kentucky Wage Statutes.

125.    Plaintiff Cahoon and the Class are not exempt from receiving the Kentucky Wage Statutes' overtime benefits because, inter alia, DuPont pays them based on the number of hours they work, rather than on a salary basis. As a result, they do not fall within any of the exemptions set forth in the Kentucky Wage Statutes. See KY. REV. STAT. ANN. § 337.285(2).

126.    Defendant has violated the Kentucky Wage Statutes with respect to Plaintiff Cahoon and the Class by, *inter alia*, failing to compensate them for all hours worked at their

27

regular rate (for time worked under 40 hours per week) and at time-and-one-half overtime the correct rates for all additional hours.

127.    By, *inter alia*, implementing the challenged pay scheme in order to circumvent the overtime requirements of the Kentucky Wage Statutes as alleged above, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage Statutes.

128.    Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, because Defendant failed to pay Plaintiff Cahoon and the Rule 23 Class the required amount of overtime at the statutory rate, it must reimburse them not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages, attorneys' fees, and costs.

<u>COUNT VIII</u>

**OVERTIME VIOLATIONS OF THE ILLINOIS WAGE LAWS**

129.    Plaintiffs hereby incorporate by reference paragraphs 1 through 128 in their entirety and restate them herein.

130.    Plaintiff Scrivner brings this action on behalf of herself and members of a Rule 23 Class. This state law claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

131.    Plaintiff Scrivner and Class Members' claims arise under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*., including § 105/4a(1) and the Illinois Wage Payment and Collection Act, § 115/1 *et seq*.

132.    Plaintiff Scrivner and members of the Class regularly worked more than forty (40) hours in a work week while working for Defendants.

28

133.    Plaintiff Scrivner and Class Members are entitled to overtime pay for all hours in excess of forty (40) hours worked during each work week.

134.    Plaintiff Scivners and Class Members are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per work week.

135.    Defendant's failure to pay the correct amount of overtime violates the Illinois Minimum Wage Law, 820 ILCS § 105/4a(1) and the Illinois Wage Payment and Collection Act, § 115/1 *et seq*.

136.    Because Defendant failed to properly pay overtime as required by law, Plaintiff Scrinver and Class Members are entitled under Illinois Minimum Wage Law, 820 ILCS § 105/4a(1) and § 105/12 and the Illinois Wage Payment and Collection Act, § 115/1 *et seq*. to all overtime due to them at a rate of one and one-half times their regular rate of pay for all overtime hours worked during the relevant time periods, and to recover liquidated damages, costs and reasonable attorneys' fees.

137.    Defendant's violations as described herein constitute willful violations. Plaintiffs and the members of the Class are entitled to recover liquidated damages under Illinois Minimum Wage Law, 820 ILCS § 105/12.

138.    Plaintiffs and the members of the Class are entitled to recover from Defendant their unpaid wages, overtime compensation, liquidated damages, pre-judgment interest, reasonable attorneys' fees and costs and disbursements of the action pursuant to IMWL.

<u>**COUNT IX**</u>

**OVERTIME VIOLATIONS OF NEW YORK MINIMUM WAGE ACT, N.Y. LAB. LAW
§§ 650 ET. SEQ. AND 12 N.Y.C.C.R. § 142**

139.     Plaintiffs hereby incorporate by reference paragraphs 1 through 138 in their entirety and restate them herein.

140.     Representative plaintiffs Gerard M. Dunne, Ronald S. Murphy, Dion L. Walker, and Margaret Manning bring this action on behalf of themselves and members of a Rule 23 class action. This state law claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

141.   The New York Minimum Wage Act requires the payment of overtime compensation to employees who work in excess of thes hourly standards set forth therein. In particular, Section 142-2.2 of the New York Minimum Wage Order for Miscellaneous Industries and Occupations requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay in excess of 40 hours per week, in the manner and methods provided in the Fair Labor Standards Act. 12 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") § 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of [one and one-half] times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of [the FLSA]."). Defendant failed to comply with the overtime pay requirements of New York law in the manner outlined herein by failing to compensate Plaintiffs at the required regular rate of pay by failing to include all remuneration for employment paid to plaintiffs in the plaintiffs' regular rate of pay when it has paid for work hours in excess of forty (40) hours a week.

142.    In addition, N.Y. Lab. Law § 191 (chapters 1-36, 50-59) requires that "manual workers shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiffs, who are overtime eligible production workers, meet the definition of the term "manual worker" as that term is defined by N.Y. Lab. Law § 190(4) (a manual worker is "a mechanic, workingman, or laborer"). Thus, defendant's failure to pay plaintiffs for their overtime at the required regular rate violated the prompt payment requirements of New York law.

143.    As a result of Defendant's violations of the New York Minimum Wage Act, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and other members of the class of Dupont's overtime eligible employees in New York for which Defendant is liable pursuant to N.Y. Lab. Law. § 663 and N.Y. Lab. Law § 198, an equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, and the cost of this action.

144.    The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant, and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the New York Minimum Wage Act, N.Y. Lab. Law § 661 and 12 N.Y.C.C.R. § 142-2.6, as well as N.Y. Lab. Law § 195, to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all plaintiffs hereby demand that their claims be tried before a jury.

**PRAYER FOR RELIEF**

WHEREFORE, all plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law, and obligations under state law, and deprived each of the plaintiffs of his/her rights;

(b)  Order a complete and accurate accounting of all the unpaid compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs compensatory relief in the form of unpaid back pay compensation and liquidated damages equal to their unpaid back pay compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Order a complete and accurate accounting of all unpaid compensation and overtime wages to which plaintiffs in a Rule 23 class under California state law are entitled under California Labor Code Sections 218, 218.5, 218.6, and 1194(a), and California Code of Civil Procedure Section 1021.5, as well as a complete accounting of any statutory penalties against the defendant as authorized by and in accordance with relevant sections of the Labor Code;

(f)  Order a complete and accurate accounting of all unpaid compensation owed to plaintiffs in a Rule 23 class under California state law at the time of termination or discharge under California Labor Code sections 201(a) and 202 (a);

32

(g)  Order a complete and accurate accounting of all damages and penalties owed to plaintiffs in a Rule 23 class under California state law as a result of defendant's failure to provide accurate wage statements in accordance with California Labor Code section 226(a);

(h)  Order a complete and accurate accounting of all restitution, damages, and penalties owed to plaintiffs in a Rule 23 class under California state law as a result of defendant's violation of California's Unfair Competition and Unfair Business Practices statute;

(i)  Order a complete and accurate accounting of all the unpaid compensation and damages to which plaintiffs in a Rule 23 class under Kentucky state law are entitled;

(j)  Order a complete and accurate accounting of all the unpaid compensation to which plaintiffs in a Rule 23 class under Illinois state law are entitled;

(k) Order a complete and accurate accounting of all the unpaid compensation to which plaintiffs in a Rule 23 class under New York state law are entitled;

(l)  Award plaintiffs all unpaid compensation, damages, and penalties owed;

(m)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(n)  Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Gregory K. McGillivary
Gregory K. McGillivary
Diana J. Nobile
William Li
WOODLEY & McGILLIVARY LLP
1101 Vermont Avenue, N.W.
Suite 1000

Washington, DC  20005
Phone:  (202) 833-8855
gkm@wmlaborlaw.com
djn@wmlaborlaw.com
wwl@wmlaborlaw.com

/s/ John Werner
John Werner
Mark Frasher
REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
P. O. Box 26005
Beaumont, Texas 77720-6005
(409) 838-1000 (phone)


*Counsel for Plaintiffs*